UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INLINE PLASTICS CORP.,          )
                                   )
                                   )            **CIVIL ACTION**
Plaintiff,      )            **NO.  4:18-11631-TSH**
                                   )
v.                   )
                                   )
LACERTA GROUP, INC.,        )
                                   )
Defendants.    )
                                   )

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION TO STAY OR DISALLOW COSTS (Docket No. 437)

**2/8/2023**

**HILLMAN, D.J.**

Inline Plastics Corporation ("Inline") commenced this action against Lacerta Group ("Lacerta") for patent infringement. After a jury trial found that Lacerta did not infringe on Inline's patent, Lacerta submitted a bill of costs, (Docket No. 427), and Inline moved to stay or disallow those costs, (Docket No. 437). For the reasons below, Inline's motion is ***granted*** in part and ***denied*** in part.

### Analysis

*1.  The Motion to Stay*

Inline moves to stay the award of costs on the grounds that they might win on appeal. That is not enough to justify a stay of costs given the presumption that costs are awarded to the prevailing party. This Court declines to exercise its discretion to stay an award in this instance.

*2.  The Motion to Disallow Costs*

This Court's discretion to award costs is bounded by the categories established by 28 U.S.C. § 1920. *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 540 F. Supp. 3d 85, 88 (D. Mass. 2021) (citing *Palomar Techs., Inc. v. MRSI Sys., LLC*, No. 18-10236-FDS, 2020 WL 4938414, at *2 (D. Mass. Aug. 12, 2020)).

### a.   Undisputed Costs

With one exception discussed below, this Court finds the undisputed costs put forward by Lacerta justified. The Court awards costs of $8,202.30 for costs associated with certain depositions, witnesses, and subpoenas. (*See* Docket No. 440-2; 440-6; 440-7; 440-8; 440-10; 440-11; 440-12; 440-14, 440-16; 440-17).

### b.   Transcript Costs

### i.       Deposition Expenses

Lacerta requests deposition expenses for Mr. Leslie, a third-party witness, and Mr. McGuane, one of its employees. For a deposition transcript to be taxed, it must be used at trial, entered into evidence, or there must be "special circumstances" that justify taxing it. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). Both parties agree only special circumstances could justify costs for deposition transcripts of these witnesses.

Both parties agree that Mr. Leslie's deposition was taken solely in support of the issue of inequitable conduct. That issue was not a live issue at trial and its consideration has been stayed pending the appeal in this case. (Docket No. 389, at ¶ 6). Although it was a live issue when Lacerta took the deposition, this is not a case where the party moving for costs prevailed on a motion and therefore did not end up using a deposition at trial it otherwise would have. *Cf. Palomar*, 2020 WL 4938414, at *5. Lacerta might use Mr. Leslie's deposition in litigating the

2

inequitable conduct issue and, if they prevail, may recover costs as the prevailing party. But awarding costs now would be premature.

Lacerta makes no substantive argument that special circumstances justify costs for Mr. McGuane's deposition, instead seeming to argue that Inline did not *specifically* object to including the costs of Mr. McGuane's deposition in its briefing. Inline generally objected to Lacerta being awarded the costs of deposing its own employees, and Lacerta no longer seeks reimbursement of any of those costs other than for Mr. McGuane's deposition. A clerical error is not a "special circumstance" that justifies an award of costs in this instance. The costs for deposition expenses associated with Mr. Leslie and Mr. McGuane are denied. (*See* Docket No. 440-9; 440-13).

### ii.    Trial and Hearing Transcripts

Lacerta requests costs for trial transcripts and transcripts from the *Markman* and summary judgment hearings. As to the *Markman* and summary judgment hearings, Lacerta argues that the transcripts of those hearings was necessary before, during, and after the trial for issues including "waiver, estoppel, and law of the caselaw of the case." Inline counters that the only *necessary* documents were this Court's orders. Given the complexity of this case, the Court agrees with Lacerta and awards costs of $276.42. (*See* Docket No. 440-5; 440-20). Inline argues that because Lacerta did not request prior permission from the court, the award of costs must be denied for trial transcripts. This was a complicated trial and the transcripts were likely necessary. The Court agrees that Lacerta's request for costs at the court reporter's minimum rate is reasonable. The Court awards costs of $1,626.30 (*See* Docket No. 440, at ¶ 26).

   c.  *Exemplification and Copying Costs*

   i.      *Chalks and Video*

Lacerta requests reimbursement for several chalks. However, despite resubmitting a bill of costs in response to Inline's concerns, Lacerta has failed to identify which chalks were used at the trial and the documentation offered gives no way for this Court to guess. (Docket No. 440-21; 440-22). Because there is no way to distinguish between them, this Court must deny any reimbursement for chalks.

Inline argues that video animations are not "exemplifications" under the relevant rule. *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1377 n. 5 (Fed. Cir. 2006); *E8 Pharms., LLC v. Affymetrix, Inc.*, No. 08-cv-11132-GAO, 2014 WL 4964385, at *2 (D. Mass. Sept. 30, 2014). Lacerta argues that the question is whether the video is necessary or merely useful. *Sharp v. Hylas Yachts, Inc.*, No. 11-cv-11814-JCB, 2016 WL 10654435, at *2 (D. Mass. June 14, 2016). This Court finds *Sharp* persuasive. This was a complex case and the animation was necessary to Lacerta's success. This Court will award costs of $2,580. (*See* Docket No. 440-3).

   ii.    *Copying*

Lacerta requests costs for various copying services, including color copies, arguing that this Court required multiple copies at trial, making them necessary. The Court agrees, but finds no justification for color or in-house copying, and denies an award of those costs. (*See* Docket No. 440-22). Furthermore, it applies a 50% reduction on the remaining copies to account for superfluous copying. *E8*, 2014 WL 4964385 at *2; *Martinez v. Cui*, No. 06-cv-40029-FDS, 2009 WL 3298080, at *3 (D. Mass. Apr. 13, 2009). Thus, it awards costs of $4,954.26. (Docket No. 440-22).

   d.  *Courier Services*

Finally, Lacerta requests an award of costs for courier services, all of which were expedited. Although this Court finds that filings to the Court that could not be delivered via ECF,

4

(Docket No. 440-4, totaling $188.80), and shipping exemplars to Inline as part of discovery,

(Docket No. 440-15, totaling $40) were justified, Lacerta has not explained why those needed to

be expedited. As such, costs are awarded with a 50% reduction. In contrast, this Court

specifically requested overnight delivery of exemplars for the remote summary judgment

hearing, (Docket No. 440-18, totaling $193.40), so those costs are awarded in full. In total, the

Court awards costs of $307.80 for courier services.

## Conclusion

For the reasons above, Inline's motion to stay or reduce costs is **_granted_** in part and

**_denied_** in part. Costs of $17,947.08 are awarded to Lacerta.


**SO ORDERED**

**/s/ _Timothy S. Hillman_**
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
